# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

| | |
|---|---|
| WILLIAM TOBLESKY, *individually and on behalf of those similarly-situated*, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 4:22-CV-157-JHM ) |
| WALMART, INC., INC. | ) **JURY TRIAL DEMANDED** |
| Defendant. | ) ) ) |

## CLASS ACTION AND COLLECTIVE ACTION COMPLAINT

Comes Plaintiff William Toblesky, by and through counsel, and, for his Class Action and Collective Action Complaint Under the Fair Labor Standards Act, 29 U.S.C. § 201 e*t. seq.*, and Kentucky Wages and Hours Act, K.R.S. § 337.275 *et seq.*, against Defendant Walmart, Inc., Inc., states as follows:

### I.     Introduction to the Action

1.     Defendant deprived Plaintiff of overtime compensation owed for work that is not exempt under the Fair Labor Standards Act (FLSA).  Specifically, Defendant required Plaintiff to clock out for an unpaid period for lunch beginning no earlier than three hours after he clocked in and no later than five hours after he clocked out.  Plaintiff could not clock back in less than thirty minutes after clocking out.  However, if a delivery truck came, Plaintiff was required to unload the truck.  Therefore, on many occasions, Plaintiff was required to unload trucks during periods when he was "off the clock."  Defendant knew about this.  Because Defendant's violations of the FLSA were willful and not in good faith, Defendant should be required to pay Plaintiff and the

similarly-situated employees[1] two times the amount[2] it illegally cheated them in unpaid overtime compensation, plus attorney's fees and other expenses of this action.

## II.     Jurisdiction and Venue

2.     This Court has jurisdiction under 28 U.S.C. § 1331 as Plaintiff's claims arise under federal law, including 29 U.S.C. § 216(b).

3.     This Court has and should exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's claims under the Kentucky Wages and Hours Act ("KWHA") as they are related to Plaintiff's claims under the FLSA; they form part of the same case or controversy and arise from the same set of operative facts as Plaintiff's claims under the FLSA.

4.     Venue is proper in this District under 28 U.S.C. § 1391(b) as Defendant operates a store located in Hanson, Hopkins County, Kentucky within the District of this Court and Plaintiff worked for Defendant in Hanson, Hopkins County, Kentucky within the District of this Court.

## III.     Parties

5.     Plaintiff has worked for Defendant Walmart, Inc. in the last three years, including working for Plaintiff in 2021 and 2022.  Plaintiff's consent to join this action pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit 2

---

[1]     A consent form which similarly-situated employees may use to opt-in to this action under the FLSA is attached hereto as Exhibit 1.

[2]     The FLSA allows an employee to recover two times the amount of unpaid overtime compensation under these circumstances.  29 U.S.C. § 216(b) ("[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their … their unpaid overtime compensation, … and in an additional equal amount as liquidated damages…. The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action").  The KWHA also authorizes the same relief for both overtime and non-overtime compensation that is not paid when due. K.R.S. § 337.385(1) ("…any employer who pays any employee less than wages and overtime compensation to which such employee is entitled under or by virtue of KRS 337.020 to 337.285 shall be liable to such employee affected for the full amount of such wages and overtime compensation, less any amount actually paid to such employee by the employer, for an additional equal amount as liquidated damages, and for costs and such reasonable attorney's fees as may be allowed by the court").

6. Throughout his employment with Walmart, Inc., Plaintiff resided and worked for Defendant in the State of Kentucky and his work was governed by the FLSA.

7. Defendant Walmart, Inc. is a for-profit corporation; upon information and belief, Defendant Walmart, Inc., LLC may be served by service of process on its Registered Agent, CT Corporation System at 306 W. Main Street, Suite 512, Frankfort, KY 40601.

8. During all times relevant, Defendant was an employer governed by the FLSA; it was an enterprise covered by the FLSA.

9. Defendant employs and has employed in the last five years other non-exempt employees in the Commonwealth of Kentucky and, like Plaintiff, deprived those employees of wages and/or overtime compensation owed under the FLSA and/or KWHA by requiring, suffering or permitting those employees to perform work without pay during alleged "meal breaks" that were unpaid

## IV.   Facts

**A.   Plaintiff Was Entitled to Overtime Compensation.**

10. Throughout his employment, Plaintiff worked a position that was non-exempt under the Fair Labor Standards Act.

11. Specifically, Plaintiff's duties consisted primarily of unloading trucks of inventory at the Hanson, Kentucky Walmart.

12. Walmart, Inc. paid Plaintiff an hourly rate for Plaintiff's work for Walmart, Inc.

13. When Defendant would credit Plaintiff with having worked more than 40 hours for Defendant in a workweek, Defendant would pay Plaintiff a higher rate of pay for the hours in excess of 40.

14. Stated another way, Walmart, Inc. paid Plaintiff overtime premium compensation

for the overtime work Defendant credited Plaintiff with working.

15. Defendant itself categorized Plaintiff as an employee whose work was non-exempt under the FLSA and KWHA.

### B. Defendant Suffered, Permitted and/or Required Work During Unpaid Meal Periods.

16. Defendant had two policies that conflicted; the conflict was ultimately resolved by Defendant violating the law.

17. Specifically, Defendant had a policy under which employees would be disciplined if they did not clock out for an unpaid meal period of at least thirty minutes no earlier than exactly three hours after clocking in at the beginning of the shift and no later than exactly five hours after the end of the shift.

18. Defendant also had a policy that truck drivers should not be made to wait and that trucks should be unloaded as soon as possible after they arrived.

19. These policies conflicted in actual practice: given staffing levels, if a truck arrived just as an employee had begun a lunch break, the employee would either have to interrupt his or her lunch break to unload the truck, or the truck driver would have to wait for the unloading employee to have his or her break.

20. Similarly, if a truck arrived before an employee had begun taking a meal break, but was not yet unloaded by the time five hours after the employee clocked in, the employee would either have to stop unloading the truck to take the meal break, causing the truck driver to have to wait, or fail to begin taking the meal break within five hours of clocking in.

21. Defendant resolved this conflict by permitting, allowing, and/or requiring employees to work during periods of time when they were clocked out for a purported meal break and not being paid.

22. Therefore, for instance, Plaintiff and similarly-situated employees would stop their break and begin working during their break without pay if a truck arrived during a break.

23. Similarly, if a truck was being unloaded but was not yet unloaded, and the time arrived for an employee to go on the meal break, the employee would clock out (which Defendant permitted them to do on an "app" on their phones), but then continue unloading the truck.

24. Accordingly, Plaintiff and the similarly-situated employees performed work unloading trucks on numerous occasions without pay.

25. Defendant's management was aware of the work of Plaintiff and the similarly-situated employees that was occurring without pay.

26. Further, Defendant has numerous cameras that depict the areas where work was performed unloading trucks, and can and should preserve the videos from those cameras to allow the jury or other finder of fact to see for itself whether or not Plaintiff was working (and whether Defendant's management was present while Plaintiff was working) during supposed meal periods.

27. Indeed, Defendant maintains exact times when the workers stopped being paid based on the worker supposedly being on meal break, and those exact times can be compared to the exact times depicted in the video of trucks being unloaded to easily see that Plaintiff and similarly-situated employees regularly worked without pay, often in the presence of Defendant's management.

28. Plaintiff and the similarly-situated employees were generally scheduled to work overtime in many weeks.

29. Therefore, the time that Plaintiff and the similarly-situated employees spent performing work without pay was, in many weeks, overtime work (work in excess of forty hours in the pay period or work which, if credited and appropriately counted toward the total hours

Case 4:22-cv-00157-JHM-HBB   Document 1   Filed 11/15/22   Page 6 of 14 PageID #: 6

worked in the workweek, would have caused other hours at the end of the workweek to be paid as overtime, if Defendant had paid Plaintiff and the similarly-situated employees for all time they actually worked).

### C. The FLSA Applies to the Work of the Employees.

30. The work of Plaintiff and the similarly-situated employees of unloading trucks, many of which were from out-of-state and/or carried products which originated out of state, involved interstate commerce, and Defendant is therefore subject to the FLSA with respect to Plaintiff and the similarly-situated employees.

31. In the alternative, Defendant is subject to the FLSA with respect to all employees of Defendant.

32. Upon information and belief, at all relevant times, Defendant's annual gross volume of sales made or business done has exceeded $500,000.00.

33. Further, Defendant employs two or more employees who, as part of their work, handle goods and/or materials that have been transported

34. Accordingly, Defendant meets the definition of an enterprise engaged in commerce or in the production of goods for commerce under 29 U.S.C. § 203.

### V. Collective Action Allegations Relating to Defendant's Violation of the FLSA.

35. Plaintiff brings this action pursuant to the FLSA, 29 U.S.C. § 216(b), as a collective action on behalf of himself and other similarly-situated employees.

36. Plaintiff will file a motion for notice to the similarly-situated employees, and will more fully define the requested scope of the notice and proposed collective in that motion.

37. Plaintiff further reserves the right to redefine the proposed collective group prior to the Court's ruling on any motion by Defendant for "de-certification" of the collective group under the FLSA, as may be warranted, appropriate and/or necessary.

6

38. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of himself individually and on behalf of any individuals who opt-in to this action; Plaintiff proposes that other employees may opt-in using the blank consent form attached hereto as Exhibit 1 (as alleged separately above, Plaintiff himself has executed a consent to bring this action, a copy of which is attached hereto as Exhibit 2).

39. Plaintiff and the FLSA Collective are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to Defendant's previously described common pay practices and, as a result of such practices, were not paid for all hours worked and were not paid the full and legally mandated overtime compensation for hours worked over forty (40) during the workweek.

40. Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendant's common employee compensation, timekeeping and payroll practices, including:

   a. whether Defendant has engaged in a pattern or practice of permitting or requiring Plaintiff and members of the proposed collective group to work in excess of forty hours per workweek for the benefit of Defendant and without appropriate compensation, in violation of the FLSA;

   b. whether Defendant has engaged in a pattern or practice of failing to keep accurate records showing all hours worked by Plaintiff and members of the proposed collective group, or of keeping such records but then falsifying them or not paying employees in accordance with them, in violation of the FLSA;

   c. whether the conduct of Defendant was willful;

        d.    whether Plaintiff and members of the proposed collective group are entitled to lost wages, liquidated damages and the other relief requested.

41. Defendant failed to compensate Plaintiff and the similarly-situated employees for all overtime hours worked and failed to pay overtime at time and a half (1½) the employee's regular rate as required by the FLSA for all hours worked in excess of forty (40) per workweek, and did so because Defendant regularly permitted and/or required employees to clock out for a meal break despite being aware that the employee was working during some or all of the time of the "break."

42. The claims of Plaintiff are similar to those of the members of the proposed collective group, in that Plaintiff has been subject to the same conduct as members of the proposed collective group and Plaintiff's claims are based on the same legal theory as members of the collective group.

43. The Collective members are victims of Defendant's unlawful compensation practices and are similarly situated to Plaintiff in terms of job duties, pay and employment practices.

44. Defendant's failure to pay overtime compensation as required by the FLSA results from a generally applicable, systematic policy and practice and is not dependent on the personal circumstances of any individual employee. Thus, Plaintiff is similarly situated to the members of the Collective.

45. The similarly situated employees are known to Defendant and are readily identifiable and may be located through Defendant's business records.

46. The similarly situated employees may be readily notified of the instant litigation through direct means, such U.S. mail, email, text messaging and/or other appropriate means, and should be allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively

adjudicating their similar claims for overtime violations, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.[3]

## VI. Class Action Allegations Relating to Defendant's Violation of State Law Pursuant to Federal Rule of Civil Procedure 23.

47. Plaintiff brings Counts II of this lawsuit individually and as a class action pursuant to Fed. R. Civ. P. 23 under the Kentucky Wages and Hours Act on behalf of himself and all similarly-situated current and former employees of Defendant who worked for Defendant in Kentucky and were not paid full compensation owed for their work (including both overtime and nonovertime work), which Defendant should have paid within the last five years, because Defendant suffered, permitted or required work during an unpaid "meal break" period.

48. Plaintiff is a member of the class he seeks to represent.

49. Defendant failed to pay Plaintiff and the members of the class he seeks to represent wages for work performed, as described herein, in violation of the KWHA.

50. Under the KWHA, employers are required to pay wages to employees, including overtime compensation to non-exempt employees for overtime work performed by such employees.

51. As Plaintiff and the similarly-situated employees were non-exempt, Defendant's refusal to pay Plaintiff and Class Members wages (and overtime compensation for overtime hours worked) for work performed during "meal breaks" violated the KWHA.

---

[3] To ensure that Defendant is aware, with respect to Plaintiff and individuals who opt-in to this action who incur damages after the filing of this action as a result of Defendant continuing its illegal practices after the filing of this Complaint, (a) such damages will be sought in this action and (b) such continuation will be used as furthis evidence of Defendant's willfulness in violating the FLSA prior to the filing of this action.

52. Upon information and belief, the Rule 23 Class is sufficiently numerous that joinder of all members is impractical, satisfying Fed. R. Civ. P. 23(a)(1).

53. All members of the Rule 23 Class share the same pivotal questions of law and fact, thereby satisfying Federal Rule of Civil Procedure 23(a)(2). Namely, all members of the Rule 23 Class share common questions, including whether, as a result of allowing and/or requiring work during unpaid meal break periods, Defendant failed to pay employees wages (including overtime compensation) owed.

54. Plaintiff's claims are typical of the claims of the Rule 23 Class, thus satisfying Fed. R. Civ. P. 23(a)(3) typicality. Defendant's failure to pay Plaintiff overtime compensation was not the result of any circumstances specific to the Plaintiff. Rather, it arose from Defendant's common pay policies of not paying overtime pay, which Defendant applied generally to their employees, despite the fact that Plaintiff and the similarly-situated employees were non-exempt and entitled to overtime pay.

55. Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Class.

56. Plaintiff has retained competent counsel experienced in representing classes of employees in lawsuits against their employers alleging failure to pay statutorily required overtime compensation, thus satisfying Fed. R. Civ. P. 23(a)(4).

57. By failing to pay Plaintiff and Class Members for all hours worked, and failing to pay employees the full amount of overtime compensation earned, Defendant has created the circumstance under which questions of law and fact common to the Rule 23 Class members predominate over any questions affecting only individual members. Thus, a class action is superior to other available methods for fair and efficient adjudication of this matter. Accordingly, Plaintiff

should be permitted to pursue the claims alleged herein as a class action, pursuant to Fed. R. Civ. P. 23(b)(3).

## COUNT I

### Violation of the FLSA: Failure to Properly Pay Overtime Compensation
### (On Behalf of Plaintiff and the FLSA Collective)

58. All previous paragraphs are incorporated as though fully set forth herein.

59. The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate. *See* 29 U.S.C. § 207(a)(1).

60. Defendant is subject to the wage requirements of the FLSA because Defendant is an employer under 29 U.S.C. § 203(d).

61. At all relevant times, Defendant was an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

62. During all relevant times, Plaintiff and the members of the FLSA Collective were covered employees entitled to the above-described FLSA protections. *See* 29 U.S.C. § 203(e).

63. During all relevant times, Plaintiff and the Collective Members were not exempt from the requirements of the FLSA.

64. Plaintiff and the Collective Members each worked more than forty (40) hours in one or more workweeks without overtime compensation and are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

65. Defendant knowingly failed to properly compensate Plaintiff and the Collective Members for all hours worked when they worked in excess of forty (40) hours per week, including

by failing to pay proper overtime premiums at a rate of one and one-half (1 ½) times their regular hourly wage, in violation of 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

66. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

67. Pursuant to 29 U.S.C. § 216(b), employers, such as Defendant, who intentionally fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for unpaid wages, liquidated damages, court costs and attorneys' fees incurred in recovering the unpaid wages.

## COUNT II

### VIOLATION OF KY. REV. STAT. ANN. §§ 337.275, *ET SEQ.* BY NONPAYMENT OF WAGES

68. All previous paragraphs are incorporated as though fully set forth herein.

69. Plaintiff bring this claim on behalf of all members of the proposed Rule 23 Class.

70. Kentucky state law requires that covered employees be compensated for every hour worked in a workweek. *See* KY. REV. STAT. ANN. §§ 337.275, *et seq*.

71. KY. REV. STAT. ANN. § 337.285 requires that employees receive overtime compensation "not less than one and one-half (1-1/2) times" the employee's regular rate of pay for all hours worked over forty in one workweek. *See also* 803 Ky. Admin. Regs. 1:060.

72. During all times material to this complaint, Defendant was a covered employer required to comply with KY. REV. STAT. ANN. § 337.010(1)(d).

73. During all times material to this complaint Plaintiff and the Rule 23 Class were covered employees entitled to the protections of the KWHA. *See* KY. REV. STAT. ANN. § 337.010(1)(e).

74. Defendant is not exempt from providing Plaintiff and Class Members the KWHA's

overtime benefits because the employees do not fall within any of the exemptions set forth therein. *See* KY. REV. STAT. ANN. § 337.285(2).

75. Defendant has violated the KWHA with respect to Plaintiff and the Rule 23 Class by, *inter alia*, failing to compensate them for all hours worked, including hours in excess of forty per workweek at one and one-half their "regular rate" of pay.

76. In violating the KWHA, Defendant acted willfully and with reckless disregard of clearly applicable provisions of the KWHA.

77. Pursuant to KY. REV. STAT. ANN. § 337.385, Defendant, because it failed to pay employees the required amount of wages and overtime at the statutory rate, should be found liable to the employees not only for the unpaid wages, but also for liquidated damages in an amount equal to the amount of unpaid wages.

78. Pursuant to KY. REV. STAT. ANN. § 337.385, Plaintiff and Class Members are entitled to reimbursement of the litigation costs and attorney's fees expended if they are successful in prosecuting an action for unpaid wages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks the following relief on behalf of himself and all other similarly situated:

   a. The issuance of process, and the bringing of Defendant before the Court;

   b. An order directing Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Collective members;

   c. An order after Plaintiff is provided with an opportunity for discovery certifying under Rule 23 a class of similarly-situated employees whose rights were violated by Defendant under state law, and grant relief available under applicable state law, including unpaid wages, liquidated damages, and attorney's fees and other litigation expenses, to the class

    d.  A jury trial on all issues of fact;

    e.  A judgment against Defendant in favor of Plaintiff, the members of the FLSA Collective and/or the Rule 23 Class for unpaid wages, including wages owed for overtime (under the FLSA) and nonovertime (under the FLSA and KWHA) work, to the fullest extent permitted under the law;

    f.  A judgment against Defendant in favor of Plaintiff, the members of the FLSA Collective and/or the Rule 23 Class for liquidated damages to the fullest extent permitted under the law;

    g.  A judgment against Defendant in favor of Plaintiff, the members of the FLSA Collective and/or the Rule 23 for litigation costs, expenses and attorneys' fees to the fullest extent permitted under the law; and

    h.  Such other and further relief to which Plaintiff, the FLSA Collective and/or the Rule 23 Class is entitled or which this Court otherwise deems just and proper.

Respectfully submitted,

/s/ Mark N. Foster
Mark N. Foster (#023636)
Law Office of Mark N. Foster, PLLC
P.O. Box 869
Madisonville, KY 42431
(270) 213-1303
MFoster@MarkNFoster.com
*Counsel for Plaintiff William Toblesky*